# 23-1675

# United States Court of Appeals
# for the
# First Circuit

---

### UNIVERSITAS EDUCATION, LLC
*Plaintiff-Appellee.*

*v.*

### LILLIAN GRADERSON, as successor to Jack E. Robinson III
*Defendant-Appellant,*

### .JACK E. ROBINSON, III
*Third Party Plaintiff,*

*v.*

### LOEB & LOEB LLP
*Third Party Defendant.*

---

On Appeal from the United States District Court for
the District of Massachusetts

---

## RESPONSE BRIEF FOR PLAINTIFF-APPELLEE

Joseph L. Manson III
LAW OFFICES OF JOSEPH L. MANSON III 600
Cameron St., 4th Floor, Alexandria, VA 22314
(202) 674-1450
jmanson@jmansonlaw.com
*Counsel for Plaintiff-Appellee*

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Fed. R. App. P. 26.1, Appellee Universitas Education, LLC hereby states that it has no parent corporation and no publicly- held corporation owns 10% or more of its stock or units.

## <u>TABLE OF CONTENTS</u>

**REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD** .................1

**PRELIMINARY STATEMENT** ............................................................2

**JURISDICTIONAL STATEMENT** .......................................................8

**COUNTER-STATEMENT OF THE ISSUES** .....................................9

**STATEMENT OF THE CASE** .............................................................10

**I.**    **The Underlying Arbitration Award and Confirmation.** ......................10

**IV.**    **Discovery into the Robinson Estate** ........................................15

**V.**    **The Substitution and Default Judgment Proceedings.** ...........................19

**SUMMARY OF ARGUMENT** .............................................................23

**STANDARD OF REVIEW** ...................................................................28

**I.**    **The District Court Correctly Substituted Lillian Granderson as the Personal Representative for the Deceased Jack E. Robinson III.** .................30

a.   Legal Standard for Substitution of Parties Pursuant to Rule 25(a). ............30

b.   Ms. Granderson Forfeited her Objections to the Motion for Substitution by Failing to Timely Oppose the Motion for Substitution. ....................................32

c.   The District Court Correctly Denied Ms. Granderson's Motion to Vacate..................................................................................................34

d.   Assuming, Arguendo, that Ms. Granderson has Properly Preserved her Arguments on Appeal, the District Court still Correctly Ordered her Substitution. ..................................................................................................36

**II.    The District Court Correctly Entered Default Judgment Against Ms. Granderson** ..................................................................................................42

    a.    Legal Standards for Default Judgment. .........................................................42

    b.    The District Court did not Abuse its Discretion in Entering Default Judgment. ..........................................................................................................43

**III.    The District Court Did Not Err when it Ordered Ms. Granderson's Substitution because the Motion for Substitution was Not Moot.** .................47

**CONCLUSION** ......................................................................................................50

# TABLE OF AUTHORITIES

## Cases:

*Boniface v. Viliena*, 338 F. Supp. 3d 50 (D. Mass. 2018)....................................*passim*

*Carpenter v. United States*, 2020 U.S. LEXIS 536 (U.S. Nov. 9, 2020)...................2

*Charles v. Burton*, 169 F.3d 1322 (11th Cir. 1999)....................................................28

*Costa v. Marotta, Gund, Budd, & Dzera, LLC*, 281 F. App'x 5 (1st Cir. 2008).......44

*Ex parte Schreiber*, 110 U.S. 76 (1884)....................................................................31

*Faircloth v. Finesod*, 938 F.2d 513 (4th Cir. 1991)..................................................32

*G&J Fisheries, Inc. v. Costa*, 67 F.4th 20 (1st Cir. 2023).....................28, 35, 37, 42

*Gonzalez v. Walgreens Co.*, 918 F.3d 303, 305 (1st Cir. 1990).........................28, 35

*Harvey v. United States*, No. 3:21-cv-00004-X-BT, 2022 U.S. Dist. LEXIS 180690
    (N.D. Tex. Mar. 28, 2022)....................................................................................31

*Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521 (1st Cir. 2015)...................46

*Indigo Am., Inc. v. Big Impression, LLC*, 597 F.3d 1 (1st Cir. 2010).......................43

*In re Baycol Prod. Litig.*, 616 F.3d 778 (8th Cir. 2010)............................................32

*In re MacPherson*, 254 B.R. 302 (1st Cir. Bankr. 2000).................26, 28, 29, 36, 43

*In re Morales*, 2022 Bankr. LEXIS 893 (D.P.R. Bankr. Mar. 29, 2022)............24, 35

*Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12 (1st Cir. 2014)..............34

*Kinuthia v. Biden*, No. 21-11684-NMG, 2022 U.S. Dist. LEXIS 108899 (D. Mass.
    Mar. 2, 2022)................................................................................................31, 39

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943 (9th Cir. 2020)......28

*Malvino v. Delluniversita*, 840 F.3d 223 (5th Cir. 2016)....................................31, 32

*Marcus. Am. Contract Bridge League*, 80 F.4th 33 (1st Cir. 2023)..................*passim*

*Matter of G&J Fisheries, Inc*., 570 F. Supp. 3d 8 (D. Mass. 2021).........................42

*Mullin v. Bayline, Inc.*, No. 19-cv-11028-MBB, 2021 U.S. Dist. LEXIS 233855 (D. Mass. Dec. 7, 2021).................................................................................31

*Nat'l Fed'n of the Blind v. Container Store, Inc.*, 904 F.3d 70 (1st Cir. 2018)...*passim*

*Nationstar Mortg. LLC v. Kilmer*, no. 17-cv-30161-MGM, 2019 U.S. Dist. LEXIS 19333 (D. Mass. Jan. 17, 2019).......................................................................43

*Potvin v. Speedway LLC*, 891 F.3d 410 (1st Cir. 2018)....................................28, 31

*Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1 (1st Cir. 2023).........................41

*Rodriguez-Machado v. Shinseki*, 700 F.3d 48 (1st Cir. 2012)..................................49

*United States v. Brown*, 352 F.3d 654 (1st Cir. 2003)..............................................29

*United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020)............................................2

*United States v. Carpenter*, 134 S. Ct. 901 (2014).....................................................2

*United States v. Carpenter*, 736 F.3d 619 (1st Cir. 2013)..........................................2

*United States v. Carpenter*, 190 F.3d 260 (D. Conn. 2016).................................2, 47

*United States v. One Urban Lot*, 882 F.2d 582 (1st Cir. 1989)..........................24, 35

*United States v. Ortiz*, 741 F.3d 288 (1st Cir. 2014)................................................29

*United States v. Rich*, File Name: 21a04n.06, 2021 U.S. App. LEXIS 27697 (6th Cir. Sept. 13, 2021)....................................................................................................44

*United States v. Tsarnaev*, 142 S. Ct. 1024 (2022)............................................28, 35

*Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99 (2d Cir. 2015)..................13

*Universitas Educ., LLC v. Nova Grp., Inc.* No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 143667 (S.D.N.Y. Oct. 8, 2014)......................................................3

*Universitas Educ. v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. Aug. 7, 2014)............................................................10

*Universitas Educ., LLC v. Nova Grp., LLC*, No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 3983, at *21 (S.D.N.Y. Jan 13, 2014)............................................11

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013)............................................4, 13

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142481 (S.D.N.Y. Sep. 30, 2013)............................................3, 13

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142902 (S.D.N.Y. May 21, 2013)............................................3, 13

*Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2012 U.S. Dist. LEXIS 79295 (S.D.N.Y. June 5, 2012)............................................11, 12

## **Statutes**

18 U.S.C. § 1961 (2018)............................................................................4

18 U.S.C. § 1962(c) (2018).........................................................................46

26 U.S.C. § 1031 (2018)............................................................................2

28 U.S.C. § 1291 (2018)............................................................................8

28 U.S.C. § 1331 (2018)............................................................................8

28 U.S.C. § 1332 (2018)............................................................................8

28 U.S.C. § 1367 (2018)............................................................................8

Fla. Stat. § 733.304.................................................................................39

## **Rules**

Fed. R. Civ. P. 4...........................................................................23, 24, 30, 37

Fed. R. Civ. P. 6(b)..................................................................................31

Fed. R. Civ. P. 25 ................................................................................*passim*

Fed. R. Civ. P. 25(a) ..................................................................23, 30, 34

Fed. R. Civ. P.
55 ...............................................................................23, 26, 42, 43, 46

Fed. R. Civ. P. 55(a) ............................................................................42

Fed. R. Civ. P. 55(b) ......................................................................42, 43

Fed. R. Civ. P. 55(c) ..................................................................23, 26, 43

Fed. R. Civ. P.
60(b) ..........................................................................21, 24, 35, 43

Fed. R. App. P. 26.1 ...............................................................................i

Fed. R. App. P. 34(a) .............................................................................1

First Cir. Local R. 34.0 ..........................................................................1

## REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

Pursuant to Local Rule 34.0 and Federal Rule of Appellate Procedure 34(a), Appellee Universitas Education, LLC states that oral argument would not materially assist in the resolution of this matter. Oral argument is unnecessary, as the key facts and legal arguments are adequately presented in the briefs and records, and the dispositive issues regarding substitution, entry of default judgment, and forfeiture have been authoritatively decided by this Court.

## PRELIMINARY STATEMENT

This appeal arises from a nearly fifteen-year-long litigation in which Appellee Universitas Education, LLC has been attempting to recover $30 million in insurance proceeds rightfully owed to it, which were stolen by Daniel Carpenter, a convicted felon and fraudster. Mr. Carpenter has been convicted on over sixty (60) counts of federal felonies related to the theft of the insurance proceeds, as well as fraud related to escrowed exchanges under section 1031 of the United States tax code. 26 U.S.C. § 1031 (2018).[1] Jack E. Robinson III, the original defendant in the case below, was Mr. Carpenter's right hand man and aided in the defalcation of the insurance proceeds from Universitas.

Mr. Robinson was intimately involved in Mr. Carpenter's wrongdoing and played a key role in an arbitration won by Universitas to recover the stolen funds. Specifically, in that arbitration, Mr. Robinson submitted a perjured affidavit stating that the defendant, a shell entity under Mr. Carpenter's control, possessed sufficient assets to satisfy a $30 million judgment, when in reality, Mr. Robinson knew that the defendant possessed no recoverable assets. Mr. Robinson was also one of the architects of Mr. Carpenter's and his shell entities' legal strategy in the litigation to

---

[1] *United States v. Carpenter*, 190 F.3d 260 (D. Conn. 2016), *aff'd sub nom. United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020), *cert denied Carpenter v. United States*, 2020 U.S. LEXIS 536, at*1 (U.S. Nov. 9, 2020); *United States v. Carpenter*, 736 F.3d 619 (1st Cir. 2013), *cert denied* 134 S. Ct. 901 (2014).

oppose the confirmation of the arbitrator's award in the United States District Court for the Southern District of New York, which largely constituted the proliferation of post-judgment proceedings in that proceeding through wantonly bad-faith, vexatious, and dilatory litigation tactics.

The extent of the frivolous motions practice supported by Mr. Robinson was astonishing in a case that "should have been an ordinary and straightforward action to confirm and collect upon an arbitration award."[2] That proceeding has devolved into a series of ongoing protracted legal disputes in numerous courts—there are currently five separate collection actions in four federal district courts (and multiple appeals therefrom), all concerning the enforcement of Universitas' judgment. This litigation has been "necessitated by [Carpenter's] relentless efforts . . . to prevent Universitas from realizing the benefit of its arbitration victory."[3] For his part, Mr. Robinson filed a motion to vacate the judgment confirming the arbitration award on behalf of the Carpenter-controlled entities arguing that the Southern District of New York lacked jurisdiction. This was despite the fact that the Carpenter-controlled entities moved to remove the case from state court in the first instance and the fact that Mr. Robinson was warned before filing that the motion was patently frivolous.

---

[2] *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142902, at *35 (S.D.N.Y. May 21, 2013), *adopted* 2013 U.S. Dist. LEXIS 142481 (S.D.N.Y. Sep. 30, 2013).

[3] *Universitas Educ., LLC v. Nova Grp., Inc.* No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 143667, at *6 (S.D.N.Y. Oct. 8, 2014).

Mr. Robinson was sanctioned for filing the motion, and that decision was upheld on appeal.

As a result of the malfeasance in which Mr. Robinson was complicit, Universitas has been unable to even locate a substantial amount of the stolen proceeds, and its recovery against Carpenter and his companies has been limited to an amount far less than the legal fees expended attempting to collect those assets. This is largely in part to the fact that Mr. Carpenter controls "hundreds" of shell companies, which he uses to conceal assets from creditors and render himself judgment-proof.[4] Thus, Universitas initiated the underlying proceeding in the United States District Court for the District of Massachusetts (the "District Court") in an effort to recover some of the stolen proceeds. Specifically, Universitas sought to recover over $800,000 of the stolen proceeds that were paid to Mr. Robinson himself, as well as impose liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1961 (2018).

During the pendency of the case below, Mr. Robinson died. Universitas was initially unable to locate a representative for Mr. Robinson's estate, due in part to the erroneous belief that he had died intestate and that the estate was insolvent. Universitas engaged in extensive discovery in an attempt to find an appropriate

---

[4] *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 165803, at *30 (S.D.N.Y. Nov. 20, 2013)

representative for the estate. Universitas eventually located Appellant Lillian Granderson, who is Mr. Robinson's mother.

Discovery revealed that Mr. Robinson left a last will and testament, which named Ms. Granderson as executrix and a beneficiary. However, Ms. Granderson unilaterally chose not to probate the will and instead looted the estate by accepting insurance proceeds that rightfully belonged to the estate. She refused to testify as to the amounts that she received and has consistently claimed that any insurance proceeds payable to an entity that was owned fifty percent by Mr. Robinson rightfully belong to her.

Universitas moved for summary judgment in September of 2019 in an attempt to create a record in the event of default proceedings. In January of 2021, Universitas moved for a default against the Robinson estate consistent with the District Court's prior orders, which still lacked a representative. Notably, the District Court had not yet made any findings regarding whether Ms. Granderson or any other individual was a proper party to substitute for the deceased Mr. Robinson. Universitas moved for default judgment after the entry of the default by the District Court. In March of 2021, Ms. Granderson sought to intervene in the underlying case in an effort to vindicate the estate's rights by advancing the patently frivolous argument that the District Court lacked diversity jurisdiction in a RICO case.

Ultimately, the District Court found that Ms. Granderson, as the apparent executrix of Mr. Robinson's estate (which was not probated), was a proper party for substitution. After the District Court made this finding, Universitas complied with the requirements of Federal Rule of Civil Procedure 25, served Ms. Granderson with a Notice of Mr. Robinson's Death and moved within ninety (90) days of that service to substitute Ms. Granderson. Ms. Granderson failed to timely respond to Universitas's motion for her substitution, and then failed to meaningfully respond to Universitas's motion for default judgment.

Ms. Granderson's actions in the underlying case have been characterized by a lack of candor with the courts and a recalcitrance to follow court orders. During discovery into Ms. Granderson's potential to serve as a representative of the estate, her deposition and document production had to be compelled on three separate occasions. She consistently attempted to dodge proper service of process. Ms. Granderson further attempted to mislead the District Court as a justification for failing to timely respond to Universitas's Motion for Substitution by stating she had not been served with a copy of the Motion for Substitution, which was demonstrably false. While Universitas is aware of her advanced age and health issues, and has been empathetic to those in dealing with Ms. Granderson, they do not justify her actions in the underlying case, nor do they excuse her failure to challenge the Motions for Substitution and for Default Judgment. These failures are fatal to her appeal, as she

has largely forfeited the arguments she now presents, and can point to no abuse of discretion by the District Court. Thus, the District Court's judgment must be affirmed.

## JURISDICTIONAL STATEMENT

The District Court's jurisdiction was based on 28 U.S.C. §§ 1331, 1332, and 1367 (2018) as complete diversity existed between the parties and Universitas brought claims under a federal statute—the Racketeer Influenced and Corrupt Organizations Act. This Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291 (2018) as the District Court entered a final judgment on August 8, 2023. (Record Appendix-270, hereinafter "RA".)

## COUNTER-STATEMENT OF THE ISSUES

1.      Whether the District Court abused its discretion in denying Ms. Granderson's Motion to Vacate the District Court's May 8, 2023 Order substituting her as a party for the deceased Defendant, Jack E. Robinson III.

2.      Whether the District Court abused its discretion when it substituted Ms. Granderson pursuant to Rule 25 of the Federal Rules of Civil Procedure when Universitas served her with the appropriate Notice of Death and filed its Motion for Substitution within ninety (90) days of the service of the Notice of Death.

3.      Whether the District Court abused its discretion in entering default judgment against Ms. Granderson where she failed to defend the case after her proper substitution.

## STATEMENT OF THE CASE

### I.    <u>The Underlying Arbitration Award and Confirmation.</u>

Carpenter, with the assistance of Robinson operated a network of shell companies as part of a criminal conspiracy to, *inter alia*, steal and launder $30 million that rightfully belonged to Universitas. This conspiracy involved the Charter Oak Trust Welfare Benefit Plan ("COT"), a corrupted welfare benefit plan that Carpenter used to induce stranger oriented life insurance ("STOLI") fraud, and Nova Group, Inc. ("Nova"), the corporate trustee of COT. Carpenter controlled both Nova and COT. Mr. Robinson was one of the architects of the fraudulent scheme. *See Carpenter*, 190 F. Supp. 3d 260, 276 (D. Conn. Jun. 6, 2016) (finding that "Mr. Robinson's revised spreadsheet . . . became the basis of the COT . . . .").

Universitas Education, LLC "(Universitas") was the sole and irrevocable beneficiary of two life-insurance policies taken out on the life of Sash Spencer and placed in the COT. *See Universitas Educ. v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077, at *6 (S.D.N.Y. Aug. 7, 2014). The face value of these policies totaled $30 million. When Mr. Spencer died, Mr. Robinson sent correspondence, at Mr. Carpenter's direction, threatening to wrongfully deny Universitas' claim to the insurance proceeds and directed that the insurance proceeds for which Universitas was the beneficiary (the "Spencer Proceeds") be fraudulently conveyed to shell entities under his control and to his wife, Mr. Robinson, and

10

personal trusts. (Universitas Supplemental Appendix-72, hereinafter "USA".) Universitas demanded arbitration against Nova following the wrongful denial of its claim to the Spencer Proceeds, which was required take place in New York. Post-judgment discovery later revealed that Daniel Carpenter, with the help of Mr. Robinsons, was the architect and financier of Nova's claims and defenses throughout the arbitration. *Universitas Educ., LLC v. Nova Grp., LLC*, No. 11-cv-1590-LTS-HBP, 2014 U.S. Dist. LEXIS 3983, at *21 (S.D.N.Y. Jan 13, 2014) ("Mr. Carpenter was actively involved in, and controlled, Nova's litigation efforts in the Arbitration.") A binding arbitration award was entered against Nova and in favor of Universitas in January of 2011. *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-cv-1590-LTS-HBP, 2012 U.S. Dist. LEXIS 79295, at *9 (S.D.N.Y. June 5, 2012).

Nova refused to pay the arbitration award although Mr. Robinson had submitted sworn affidavits on its behalf that it possessed the assets to satisfy the award, (USA-78 ¶ 3.), and thus Universitas filed an action seeking to enforce the award in the United States District Court for the Southern District of New York (the "Southern District Proceeding") The Southern District of New York confirmed the arbitration award and entered judgment against Nova in the amount of $30,181,880.30. *Universitas Educ.*, 2012 U.S. Dist. LEXIS 79295 at *9.

## II.     <u>Mr. Robinson's Role</u>

As explained, *supra*, Mr. Robinson was one of the architects of the COT fraudulent scheme and created the basis of the COT. Mr. Robinson served as general counsel for Nova, and also held various other positions at other entities under the control of Mr. Carpenter.[5] After Mr. Spencer's death and the defalcation of the Spencer Proceeds, Universitas made a formal claim to the proceeds. *Universitas Educ.*, 2012 U.S. Dist. LEXIS 79295 at * 2 (noting that Universitas made a claim that Nova denied). Mr. Robinson personally was responsible for correspondence with Universitas, and wrote some of the key letters denying Universitas' claim to the insurance proceeds. Specifically, Mr. Robinson drafted a letter on September 11, 2009 threatening to summarily deny Universitas's claims if they sought to communicate with other Carpenter affiliates. (USA-72-73.) He further sent correspondence refusing to confirm that the Spencer Proceeds were in escrow and threatening to deny the claim for blatantly pretextual reasons on November 18, 2009, months after the insurance proceeds had already been stolen. (USA-74,76.)

At the arbitration, Mr. Robinson submitted perjurious testimony that Nova sufficient assets and the ability to pay a $30 million  judgment, when in reality, Mr.

---

[5] The District Court for the District of Connecticut noted in Mr. Carpenter's criminal conviction decision that "the formal corporate structure of the various [entities under Mr. Carpenter's control] had little meaning for the people involved." *Carpenter*, 190 F. Supp. 3d at 274.

Robinson knew that Nova had no remaining assets and the insurance proceeds had long since been fraudulently transferred and concealed. (USA-78 ¶ 3); *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at * 12 (finding that all the Spencer Proceeds had been transferred out of the Charter Trust and away from Nova by October of 2019). This was particularly egregious in light of the fact that Mr. Robinson appeared to have received over $800,000 of the proceeds. (USA-28 ¶ 104.)

After Nova refused to pay the arbitration award and subsequent judgment, Universitas engaged in substantial post-judgment discovery efforts. Universitas sought documents and testimony from Daniel Carpenter, his associates, and entities under Mr. Carpenter's control. Mr. Carpenter and these affiliated individuals vigorously opposed any form of post-judgment discovery. Mr. Robinson was responsible for at least one of the frivolous attempts to prevent Universitas from recovering on its judgment. The Southern District of New York found that a motion to dismiss by Mr. Robinson was sanctionable both because it was frivolous and "an abuse of process aimed at delaying [] litigation, hindering Universitas' collection efforts and driving up Universitas' legal fees." *Universitas Educ., LLC v. Nova Grp. Inc.*, 2013 U.S. Dist. LEXIS 142902, at *19, *22 (S.D.N.Y. May 21, 2013), *adopted by* 2013 U.S. Dist. LEXIS 142481 (S.D.N.Y. Sept. 30, 2013). The Second Circuit affirmed the imposition of sanctions against Mr. Robinson. *Universitas Educ., LLC v. Nova Grp., Inc.*, 784 F.3d 99 (2d Cir. 2015).

Further litigation ensued before the Southern District of New York, resulting in the entry of turnover judgments against Mr. Carpenter in his personal capacity and multiple shell companies under his control, which remain largely unsatisfied.

### III.  Initiation of the Proceeding Below and Mr. Robinson's Death.

In light of the obfuscation and attempts to prevent Universitas from satisfying its judgment, Universitas commenced the underlying lawsuit by filing a Complaint, (USA-1), against Defendant Jack E. Robinson III on May 14, 2015. The Complaint sought damages in excess of $30 million for Defendant's role as a part of the criminal organization run by Daniel Carpenter. The Complaint alleged claims of violations of the Racketeer Influenced Corrupt Organizations Act ("RICO"), as well as numerous state claims brought under the District Court's supplemental jurisdiction related to Mr. Robinson's role in the defalcation and concealment of the Spencer Proceeds. Pursuant to RICO provisions, the Complaint sought treble damages. The Complaint also sought to recover $810,000 in proceeds stolen from Universitas that were paid directly to Mr. Robinson. (USA-28 ¶ 104.)

Mr. Robinson moved to dismiss the Complaint after it was filed. After briefing on the issue, the District Court denied Defendant's Motion to Dismiss on November 30, 2016 and discovery began in this proceeding. (USA-168, Doc. No. 92.) Mr. Robinson then moved the Court to transfer the case to New York, but this motion to transfer venues was also denied. (USA-169, Doc. No. 110.)

Mr. Robinson then filed a Motion to Compel Arbitration on May 31, 2017. (USA-169, Doc. No. 113.) Universitas responded to Mr. Robinson's motion and also sought sanctions against him because the Motion to Compel was clearly frivolous. Before this Court had the opportunity to rule on the motions to compel and for sanctions, and before the close of discovery, Mr. Robinson passed away in November of 2017. (RA-1.)

Seth Marcus, Esq., counsel for Mr. Robinson, filed a Notice of Suggestion of Death. (RA-1.) After Mr. Robinson passed away, Universitas was unable to find a representative for Mr. Robinson's estate, based at least in part on the erroneous belief that Mr. Robinson's estate was insolvent.

At the time of Mr. Robinson's death, several motions were pending, including Universitas's Motion to Extend the Discovery Deadline, (Doc. No. 128), which was made necessary by Mr. Robinson's improper and pretextual refusal to participate in discovery. The aforementioned motions to compel and for sanctions were also pending.

On December 20, 2017, the District Court entered a stay pending the appointment of a personal representative of Mr. Robinson's estate. (Doc. No. 135.)

## IV. <u>Discovery into the Robinson Estate</u>

After multiple status conferences, on February 5, 2019, Judge Woodlock granted discovery in the underlying case for the purposes of finding Robinson's

potential heirs or beneficiaries. (RA-17.) The District Court also authorized discovery into any assets left by Robinson that could be used to satisfy a judgment. The District Court noted that it would entertain a "default process" that included the submission of a motion for summary judgment, followed by service on the likely beneficiaries of any estate that Mr. Robinson may have. (RA-15.) The District Court then ruled that discovery be reopened for forty-five (45) days to identify individuals for the purpose of service of a summary judgment motion. (RA-15.) Counsel for Universitas then requested that the deadline for any Rule 25 substitution motion continue to be extended. The District Court then noted that it would "take up" that motion whenever discovery in the case was completed, but noted that if there was no party trying to "administer the estate in some fashion" that Universitas "proffer someone who can properly be said to have sufficient interests in the estate to provide a response or at least be notified of a response." (RA-17-18.)

As part of its discovery efforts, Universitas subpoenaed Appellant Lillian Granderson, who is the mother of the deceased Defendant Robinson in April of 2019. Throughout discovery, Lillian Granderson refused to comply with Court orders and was recalcitrant in producing discovery. Universitas needed to compel testimony and document production from Ms. Granderson on three separate occasions. *Universitas Educ., LLC v. Robinson*, No. 8:19-mc00-T-02JSS, 2020 U.S. Dist. LEXIS 262522, at *2 (M.D. Fla. Aug. 4, 2020) (noting that the United States

District Court for the Middle District of Florida had to "repeatedly order Ms. Granderson to appear for depositions and otherwise comply with subpoenas" under the threat of contempt). At her first deposition in April of 2019, Ms. Granderson informed Universitas that Mr. Robinson possessed a Last Will and Testament (the "Will"). Mr. Robinson's Will named Ms. Granderson the executrix of his estate, as well a principal beneficiary of certain life insurance policies taken out on Mr. Robinson's life and other assets. (USA-144 ¶ 2, 153 ¶ 11.) However, Ms. Granderson claimed that the estate had no assets and she chose not to probate the Will in light of the fact that the estate was allegedly insolvent. The District Court held another status conference in April of 2019. (RA-21.) At the time, the Court noted that the "administration of the estate" remained "open to question." (RA-28-29.) The District Court later set a deadline of September 3, 2019 to file a motion for summary judgment in order to ensure a complete record in the event of an entry of default.

In July of 2019, Universitas conducted a deposition of Maxine Novak ("Novak"), Defendant Robinson's business partner and co-owner of Shadow Ridge Properties, LLC ("SRP"), which was the beneficiary of other life insurance policies taken out on Mr. Robinson's life and appeared to have several properties under its control. (USA-103, pg. 57:17-24 (noting that the properties under its control had largely been foreclosed upon).) Mr. Robinson was a fifty percent (50%) owner and managing member of SRP. (USA-97 pg. 32:13-20.) Ms. Novak informed

Universitas that SRP only had one property left that had not been foreclosed upon or sold and that no substantial assets remained in SRP. Ms. Novak also informed Universitas that SRP had received about $2 million in insurance proceeds from life insurance policies taken out on the life of Defendant Robinson and that Ms. Granderson had received over $918,000 of those proceeds, as Defendant Robinson had left his ownership interest in SRP to Ms. Granderson. (USA-95 pg. 22:20-21; USA-103 pg. 54:2-18 (noting that 2 million was paid to SRP in insurance proceeds and that half of that paid out to Ms. Granderson, less the repayment of a loan to Ms. Novak); RA-152 (showing checks sent to Ms. Granderson).) Ms. Granderson confirmed her receipt of these funds in July of 2020 in her final deposition, but continues to contend that these funds were outside of any putative estate. (USA-131 pgs. 42:9-43-13 (confirming receipt of $918,000 in SRP funds)); RA-190 (alleging that the insurance proceeds paid to SRP are outside of the estate).) Critically, throughout this process, Ms. Granderson claimed that no estate existed, that she was not the administrator of the estate, and that there were no assets connected to the estate.

Universitas also sought discovery into Eileen Heathington, one of Mr. Robinson's cousins. (RA-90-105.) However, it became clear that Ms. Heathington, while named in the Will, had not actually received any of the assets that had been left to her.

18

Universitas moved for Summary Judgment against the Robinson estate in the above-captioned matter on September 3, 2019. Universitas sought a judgment in the amount of $30,677,276.85 (and treble damages under RICO). Universitas remitted a copy of the Motion for Summary Judgment to Ms. Novak and informed Ms. Granderson of the Motion.

## V.    <u>The Substitution and Default Judgment Proceedings.</u>

During the pendency of the motion for summary judgment Ms. Granderson, who was currently a non-party, filed a motion to dismiss for lack of jurisdiction on June 2, 2020. On January 26, 2021, after Ms. Granderson had failed to take any proper action with respect to this case or her deceased son's estate, Universitas moved for the Entry of a Default by the Clerk of the District Court. The motion and its supporting affidavits and exhibits were sent to Ms. Granderson. On January 28, 2021, the District Court entered a Default against Defendant Robinson and his estate. (RA-69.)

On March 1, 2021, Universitas moved for a default judgment against Robinson's estate, which remained unrepresented in the above-captioned case, seeking a total recovery of $92,031,830.55, as well as attorneys' fees and costs. (RA-192.) Notably, Universitas provided extensive details regarding its search for a substitute party and its discovery into the putative estate's assets in the supporting papers for the motions for default and default judgment. (E.g. RA-203-209.)

19

On March 4, 2021, Ms. Granderson moved to intervene in the underlying case for the purpose of seeking a dismissal based on lack of diversity jurisdiction. Universitas opposed that motion to intervene.[6] (RA-153-65.) Universitas opposed that motion.

On February 7, 2023, the District Court entered Procedural Order Lifting Stay and Disposing of Outstanding Motions (the "Procedural Order"). (RA-171.) In its Procedural Order the District Court denied both Universitas's motions for summary judgment and for default judgment without prejudice, and noted procedural defects in both of the foregoing that would need to be rectified if those motions were refiled. (RA-175-76.) More importantly, for the first time, the District Court made an explicit finding that Ms. Granderson was an appropriate party to serve as a representative for Mr. Robinson's estate. (RA-172) (noting that the District Court agreed with Universitas's contention that Ms. Granderson was an appropriate substitute party). This Court then denied Ms. Granderson's motions to intervene and to dismiss the above-captioned case. (RA-173.)

The District Court lifted the stay on the case and ordered Universitas to serve upon Ms. Granderson a copy of the Procedural Order, as well as the Notice of Suggestion of Jack E. Robinson III's Death (RA-1), on or before March 31, 2023.

---

[6] Ms. Granderson advanced the patently frivolous argument that the District Court lacked diversity jurisdiction despite the fact that Universitas brought federal RICO claims, which conferred the District Court with federal question jurisdiction.

(RA-173, 177.) It further ordered Universitas to file a status report on or before April 7, 2023 prior to an April 12, 2023 status conference, as well as gave Universitas ninety (90) days from the date of service of the Order on Ms. Granderson to move to formally substitute Ms. Granderson as a successor party to Mr. Robinson.

Universitas promptly complied with the District Court's orders. Despite Ms. Granderson's efforts to dodge service, Universitas served Ms. Granderson with copies of the Procedural Order and Notice of Suggestion of Death of Mr. Robinson on March 27, 2023. Universitas then prepared a Motion for Substitution of Proper Party ("Motion for Substitution"), consistent with the District Court's Procedural Order. (RA-178-83.) Universitas filed the Motion for Substitution on April 18, 2023.

Ms. Granderson did not oppose the Motion for Substitution, and on May 8, 2023, the District Court entered an order substituting Ms. Granderson. On May 12, 2023, Universitas moved for default judgment against Ms. Granderson.

On May 12, 2023, Ms. Granderson served her opposition to the Motion for Substitution, despite the fact that it had already been granted ("Motion to Vacate"). Ms. Granderson styled the motion as one to vacate the District Court's May 8 Order ordering her substitution, though notably she provided no standard for vacatur, whether under Federal Rule of Civil Procedure 60(b) or otherwise. She also argued that the estate was insolvent and that any potential assets in the estate were unrecoverable as insurance policy proceeds.

21

Ms. Granderson also, likely in an attempt to abdicate responsibility for her failure to timely file an opposition, claimed that Universitas had failed to serve her with the Motion for Substitution. (RA-186 n.1.) This claim was flatly untrue, and yet another transparent attempt by Ms. Granderson to avoid her court-ordered obligations. In fact, Universitas had served a copy of the Motion for Substitution on Ms. Granderson and subsequently mailed copies of the as-filed Motion for Substitution to both Ms. Granderson and her counsel, Jeraldine Williams-Shaw, who attended the April 12, 2023 status conference on Ms. Granderson's behalf, and who had notice that the Motion for Substitution would soon be filed. (RA-207, 223, 224, 266-69 (showing that the Status Report with the Motion for Substitution attached was served on April 12, 2023 and that priority mail with file-stamped copies of that Motion for Substitution were delivered to Ms. Granderson and Ms. Willams-Shaw on April 22 and 26, 2023, respectively).)

On May 26, 2023, Ms. Granderson filed an Opposition to the Motion for Default Judgment. Ms. Granderson simply incorporated her May 12, 2023 Motion to Vacate and provided no substantive argumentation in her Opposition to the Motion for Default Judgment. (USA-159.) Ms. Granderson argued in her Motion to Vacate that Mr. Robinson had not failed to plead or defend against the case prior to his death and that she had filed, as a non-party, motions (which were frivolous) to dismiss the case. However, Ms. Granderson did not seek to vacate the default

pursuant to Federal Rule of Civil Procedure 55(c), nor did she provide any substantive argumentation against the Motion for Default Judgment.

Other than her nominal opposition to the Motion for Default Judgment, Ms. Granderson took no further steps to plead in the case or otherwise defend against the substantive allegations for over two months after her substitution. The District Court entered a default judgment against Ms. Granderson on August 12, 2023 for $92,031,830.55. This appeal followed.

## SUMMARY OF ARGUMENT

The District Court correctly substituted Lillian Granderson and properly denied her Motion to Vacate the Order substituting her. After her substitution, the District Court correctly entered a default judgment against Ms. Granderson for her failure to defend the case.

Rule 25(a) of the Federal Rules of Civil Procedure permits the substitution of a "proper party" upon service of a statement noting the death of a party, if the claims in a case are not extinguished upon the decedent's death. *Marcus. Am. Contract Bridge League*, 80 F.4th 33, 43 (1st Cir. 2023). After such service, which must be consistent with Rule 4 of the Federal Rules of Civil Procedure if on a nonparty, a party seeking substitution has ninety (90) days in which to file a motion to substitute a party. *Id.* at 45. Here, there is no dispute that Ms. Granderson was first adjudged to be a proper party for substitution on February 7, 2023, and that Universitas

promptly served her with a copy of the Notice of Suggestion of Death of Mr. Robinson consistent with Rule 4 on March 27, 2023. Universitas then filed its Motion for Substitution on April 18, 2023, well within the 90-day time limit to file after service of a notice of death. Ms. Granderson failed to timely oppose the Motion for Substitution, which was granted. Thus, the District Court did not err in granting the Motion for Substitution.

Ms. Granderson's only challenge to the Motion for Substitution came in a Motion to Vacate, which she filed after the District Court had already ordered her substitution. Her Motion to Vacate did not address a standard for vacatur, whether under Rule 60(b) or otherwise, and simply made untimely arguments opposing the Motion for Substitution, which had already been granted. The only argument made by Ms. Granderson for her failure to file a timely opposition was that she had not received notice of the Motion for Substitution. However, this claim was demonstrably false, as the Motion for Substitution had been served on her, discussed at a hearing in which her counsel was present, and then mailed and delivered to both her and her counsel weeks before the due date for a response. (RA-207, 223-24.). The Motion to Vacate, which can most charitably be viewed as a Rule 60(b) motion, sought "extraordinary relief," which should only be granted in "exceptional circumstances" such as excusable neglect or surprise. *United States v. One Urban Lot*, 882 F.2d 582, 585 (1st Cir. 1989); *In re Morales*, 2022 Bankr. LEXIS 893, at

*3 (D.P.R. Bankr. Mar. 29, 2022) (noting that to prevail on such a motion a party must show both "reasonable grounds for the default" and a "meritorious defense") (internal citation omitted). Thus, the District Court did not err in denying her Motion to Vacate.

To the extent that Ms. Granderson makes arguments on appeal regarding the need for Universitas to show "good cause" to file a motion for substitution more than 90 days after the service of a notice of death or that Universitas demonstrated neglect because it did not move to substitute her immediately after discovering that she was named executrix in the Will, these arguments also fail. First, Ms. Granderson makes these arguments for the first time on appeal, which is reason enough to reject them. *Nat'l Fed'n of the Blind v. Container Store, Inc.*, 904 F.3d 70, 85 (1st Cir. 2018) ("An argument not raised to the district court cannot be debuted on appeal."). Second, just because Universitas was aware of her existence and the Will in April of 2019, it does not follow that Universitas had to serve her immediately and move to substitute her. *Boniface v. Viliena*, 338 F. Supp. 3d 50, 72 (D. Mass. 2018) ("[A] person *may be* a successor if they are . . . named in a will as an executor of the decedent's estate . . . .") (emphasis added). This is particularly true in light of the fact that Ms. Granderson continuously argued that she had nothing to do with the case, was not a proper party to be served, and that there existed no estate or assets, despite not submitting to court-ordered discovery. It was only after the District Court

reviewed Universitas's discovery and found that Ms. Granderson was a proper party did service become necessary.

The District Court also properly entered a default judgment against Ms. Granderson. At the outset, Ms. Granderson alleges that she opposed the Motion for Default Judgment. Her "opposition" merely incorporated by reference her Motion to Vacate, which was untimely. This Court reviews the entry of a default judgment for "abuse of discretion." *E.g. In re MacPherson*, 254 B.R. 302, 305 (1st Cir. Bankr. 2000). At most, Ms. Granderson made two arguments in her Motion to Vacate, which were included in footnotes, that were relevant to the default judgment. The first is that Mr. Robinson had vigorously litigated prior to his death, which precluded the entry of default. The second is that Ms. Granderson, as a non-party, had submitted two motions to dismiss (which were frivolous) to the District Court, and that those motions constituted contestation of the claims sufficient to defeat the entry of default. (RA-187.) Critically, Ms. Granderson never actually moved to vacate the default pursuant to Rule 55(c), despite having ample opportunity to do so after her substitution. Nor did she meaningfully contest the contents of Universitas's motion for default judgment, even after having two months to do so. Ms. Granderson fails to point to any abuse of discretion by the District Court in entering a default judgment. Thus, the District Court's default judgment should be affirmed on appeal.

Finally, Ms. Granderson's argument that her substitution is "moot" because Mr. Robinson's estate was insolvent.[7] This argument is meritless for multiple reasons. First, Ms. Granderson, for the first time on appeal, argues that Mr. Robinson was domiciled in Massachusetts and that Massachusetts law precludes the recovery of any insurance policies that were paid out after Mr. Robinson's death. As this is a new argument, it should be summarily rejected. *Nat'l Fed'n of the Blind*, 904 F.3d at 85. Second, this argument is not relevant. To the extent that this Court finds that the default judgment was properly entered, this argument deals with post-judgment collections and is outside the scope of the appeal. Finally, the argument is unavailing. As Ms. Granderson concedes, the life insurance policies were paid to Shadow Ridge Properties, LLC, of which Mr. Robinson was a 50% owner. His putative estate had a 50% interest in SRP after Mr. Robinson died, as well as any assets of SRP. Thus, the insurance policy proceeds are assets within the putative estate of Mr. Robinson and may be recoverable.

---

[7] Ms. Granderson's arguments are wholly inconsistent. On the one hand she is arguing that she should have been substituted as a proper party in 2019. On the other, she is claiming that the estate is insolvent, and that substitution is necessarily improper as a result of that insolvency. It is this line of argumentation that necessitated a finding that Ms. Granderson was a "proper party" for substitution in the first instance.

## STANDARD OF REVIEW

An appellate court reviews a district's court's decision to  substitute a party pursuant to Rule 25 of the Federal Rules of Civil Procedure for an "abuse of discretion." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020) (citing *Charles v. Burton*, 169 F.3d 1322, 1327 n.6 (11th Cir. 1999)); *see also Potvin v. Speedway LLC*,  891 F.3d 410, 416 (1st Cir. 2018) (noting that an appellate court reviews substitution under Rule 25(c) for abuse of discretion). Additionally, an appellate court reviews the decision of a district court to enter a default judgment for abuse of discretion. *In re MacPherson*, 254 B.R. at 305. Finally, an appellate court reviews a motion to vacate for abuse of discretion. *Gonzalez v. Walgreens Co.*, 918 F.3d 303, 305 (1st Cir. 1990).

Demonstrating abuse of discretion constitutes a "heavy burden" on an appellant. *G&J Fisheries, Inc. v. Costa*, 67 F.4th 20, 27 (1st Cir. 2023) (noting that it is insufficient to merely show that a district court "could have reached a different result") (internal citations and quotations omitted). Abuse of discretion is found "only in the rarest of instances." *Id.* Thus, an appellate court must "defer to the lower court's sound judgment, so long as its decision falls within its wide discretion and is not manifestly erroneous." *Id.* (quoting *United States v. Tsarnaev*, 142 S. Ct. 1024, 1040 (2022)) (internal quotations omitted). Abuse of discretion occurs when a Court ignores "a material factor deserving significant weight;" relies on an "improper

factor;" or when a court correctly assesses the factors, "but makes a serious mistake in weighing them." *In re MacPherson*, 254 B.R. at 305.

If an argument is not properly raised to the district court, it is considered forfeited on appeal. *United States v. Brown*, 352 F.3d 654, 663 (1st Cir. 2003) (finding that failure to timely raise an available objection constitutes forfeiture of an argument); *United States v. Ortiz*, 741 F.3d 288, 293 (1st Cir. 2014) (finding that by "leaving the district court in the dark as to that argument, the defendant forfeited it[]"). Forfeited arguments may be reviewed for plain error. *Nat'l Fed'n of the Blind*, 904 F.3d at 86. To demonstrate plain error, an appellant must show: "(1) an error occurred (2) which was clear or obvious . . . (3) affected [his] substantial rights [and] (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal citation omitted).

## ARGUMENT

The District Court properly substituted Ms. Granderson as an appropriate personal representative under Rule 25 and further properly entered a default judgment against her. Ms. Granderson points to no abuse of discretion in substituting her for Mr. Robinson, and many of the arguments she now advances were forfeited in the District Court, as she failed to timely respond to the Motion for Substitution or provide a justification for vacatur. Moreover, the District Court properly entered a default judgment against Ms. Granderson, as she failed to defend the case after she

29

was substituted. Any claims that such substitution are moot and improper are inconsistent with Ms. Granderson's other positions and were otherwise forfeited. Thus, Universitas respectfully requests that this Court affirm the District Court's judgment.

**I.**    **The District Court Correctly Substituted Lillian Granderson as the Personal Representative for the Deceased Jack E. Robinson III.**

a.  Legal Standard for Substitution of Parties Pursuant to Rule 25(a).

Federal Rule of Civil Procedure 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Such a motion may be made by "any party or by the decedent's successor or representative" within 90 days after service of a statement noting the death of the party. *Id.* Rule 25 requires that a statement noting the death of the decedent must be served, but "does not specify upon who that notice must be served." *Marcus v. Am. Contract Bridge League*, 80 F.4th 33, 43 (1st Cir. 2023).

In *Marcus*, decided earlier this year, this Court addressed the timing of service and when the 90-day clock begins to run. This Court held that the 90-day clock only begins to run after service consistent with Rule 4 of the Federal Rules of Civil Procedure is effectuated on a non-party. *Id.* at 44. Critically, service of a motion for substitution, a notice of death, and a notice of a hearing must all be served in accordance with Rule 4 on a putative non-party substitute. Fed. R. Civ. P. 25(a)(3).

This holding is consistent with the Third, Fourth, Fifth, Seventh, Ninth, and Tenth Circuits. *Marcus*, 80 F.4th at 43-44 (collecting cases).

Rule 25 is permissive, and the Court has discretion to substitute parties. *E.g. Boniface v. Viliena*, 338 F. Supp. 3d 50, 71 (D. Mass. 2018); *see also Potvin*,  891 F.3d at 416.

Moreover, even if a motion for substitution is filed more than 90 days from the service of the statement of death, a Court may, in its discretion, still permit the motion upon a showing of good cause pursuant to Federal Rule of Civil Procedure 6(b)(1). *See, e.g.*, *Mullin v. Bayline, Inc.*, No. 19-cv-11028-MBB, 2021 U.S. Dist. LEXIS 233855, at *17 n.8 (D. Mass. Dec. 7, 2021). Generally to determine whether there exists good cause and that any delay was attributable to "excusable neglect," this Court examines "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceeding; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith." *Kinuthia v. Biden*, No. 21-11684-NMG, 2022 U.S. Dist. LEXIS 108899, at *15 n. 12 (D. Mass. Mar. 2, 2022).

Generally, claims based on federal statutes survive the death of a defendant if those statutes are remedial, instead of penal in nature. *Malvino v. Delluniversita*, 840 F.3d 223, 229 (5th Cir. 2016) (citing *Ex parte Schreiber*, 110 U.S. 76, 80 (1884)). Courts have held that causes of action under the auspices of the Racketeer Influenced

and Corrupt Organizations Act ("RICO") are primarily remedial in nature, and therefore survive a defendant's death. *Malvino*, 840 F.3d at 231; *Faircloth v. Finesod*, 938 F.2d 513 (4th Cir. 1991).

If a claim does survive, a proper successor "may be" any party who: "is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Boniface*, 338 F. Supp. 3d at 72 (citing *In re Baycol Prod. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010). However, a determination must still be made as to whether a party is a "proper party" for substitution. *See Boniface*, 338 F. Supp. 3d at 72 (finding that a party was a proper successor after an order of a probate court named that party the personal representative of an estate); *see also Harvey v. United States*, No. 3:21-cv-00004-X-BT, 2022 U.S. Dist. LEXIS 180690, at *4-*6 (N.D. Tex. Mar. 28, 2022) (noting that a surviving relative is not necessarily a proper party absent other legal relationships, but that an executrix or primary distribute may be a proper party for substitution) (internal citations omitted).

> b. <u>Ms. Granderson Forfeited her Objections to the Motion for Substitution by Failing to Timely Oppose the Motion for Substitution.</u>

Ms. Granderson's analysis regarding the District Court's error focuses entirely on the District Court abusing its discretion in granting the Motion for Substitution. Ms. Granderson conveniently omits that the Motion for Substitution

was unopposed, as Ms. Granderson failed, without excuse, to oppose the Motion for Substitution. Ms. Granderson had notice of the Motion for Substitution, which was served to her by process server and also mailed to both her and her counsel. (RA-207, 223, 224, 266-69.) That counsel was present at an April 12, 2023 hearing in which the District Court addressed the merits of Ms. Granderson's substitution and ordered Universitas to file its Motion for Substitution. Despite having this ample notice, Ms. Granderson failed to respond to the Motion for Substitution and then attempted to mislead the District Court in her Motion to Vacate claiming that she had not been served.

Because Ms. Granderson failed to timely object to the Motion for Substitution, she forfeited those arguments. *See Nat'l Fed'n of the Blind*, 904 F.3d at 86. Thus, Ms. Granderson must demonstrate plain error on appeal by demonstrating that: "(1) an error occurred (2) which was clear or obvious . . . (3) affected [her] substantial rights [and] (4) seriously impaired the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal citation omitted). Ms. Granderson has failed to meet this rigorous burden.

While Ms. Granderson alleges that an error occurred, she fails to demonstrate that the error actually occurred, and certainly fails to demonstrate that the error was "clear or obvious." Universitas filed its Motion for Substitution within 90 days of formally serving the notice of death, which complies with the requirements of Rule

25(a), as this Court recently held in *Marcus.* 80 F.4th at 44. Moreover, she has failed to demonstrate that her substitution has affected her substantial rights, which requires that she be prejudiced. *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 26 (1st Cir. 2014). While she alleges that the motion is untimely and that she is not a proper party for substitution, Ms. Granderson never alleges that she has suffered any prejudice as a result of the Court's Order substituting her as a party, other than her generalized and conclusory allegations regarding the impropriety of her substitution and her health issues. Finally, Ms. Granderson offers no suggestion that the Order substituting her impaired the integrity or public reputation of the judicial proceeding. At most she suggests that substitution is unfair, and that the delay runs contrary to the purpose of Rule 25 (which itself is another new argument made on appeal). Thus, her failure to oppose the Motion for Substitution is fatal to her appeal and the District Court's judgment must be upheld.

   c. <u>The District Court Correctly Denied Ms. Granderson's Motion to Vacate.</u>

  Ultimately, Ms. Granderson's sole opposition to the Motion for Substitution was her May 12, 2023 Motion to Vacate, which was filed after the District Court Ordered her substitution on May 8, 2023. While styled as a Motion to Vacate, Ms. Granderson's motion was effectively an untimely opposition, as it included no standard for vacatur and only stated in conclusory manner that the District Court's substitution order should be vacated.

The Motion to Vacate, which can most charitably be viewed as a Rule 60(b) motion, sought "extraordinary relief," which should only be granted in "exceptional circumstances." *United States v. One Urban Lot*, 882 F.2d 582, 585 (1st Cir. 1989). For instance, an order may be vacated if a movant demonstrates "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); *In re Morales*, 2022 Bankr. LEXIS 893, at *3 (D.P.R. Bankr. Mar. 29, 2022) (noting that to prevail on such a motion a party must show both "reasonable grounds for the default" and a "meritorious defense") (internal citation omitted). Ms. Granderson's false claims that she lacked notice of the Motion for Substitution appear to allege some form of surprise. However, as described, *supra*, Ms. Granderson's claim that she lacked notice is demonstrably false. In any event, she failed to allege any exceptional circumstances, any reasonable ground for default, or any meritorious defense that would justify vacatur under that standard.

An appellate court reviews the denial of a motion to vacate for abuse of discretion. *Gonzalez v. Walgreens Co.*, 918 F.3d 303, 305 (1st Cir. 1990). Abuse of discretion is found "only in the rarest of instances." *G&J Fisheries, Inc. v. Costa*, 67 F.4th 20, 27 (1st Cir. 2023) Thus, an appellate court must "defer to the lower court's sound judgment, so long as its decision falls within its wide discretion and is not manifestly erroneous." *Id.* (quoting *United States v. Tsarnaev*, 142 S. Ct. 1024, 1040 (2022)) (internal quotations omitted). Abuse of discretion occurs when a Court

ignores "a material factor deserving significant weight;" relies on an "improper factor;" or when a court correctly assesses the factors, "but makes a serious mistake in weighing them." *In re MacPherson*, 254 B.R. at 305.

Here, Ms. Granderson fails to even address whether the court abused its discretion in denying her Motion to Vacate. However, in light of the fact that her only argument regarding surprise was demonstrably false, and the District Court applied the requirements of Rule 25 consistently with *Boniface*, 338 F.3d 50, which this Court later adopted in *Marcus*, 80 F.4th 33, the District Court did not abuse its discretion in denying the Motion to Vacate. Thus, the Order substituting Ms. Granderson must be affirmed on appeal.

    d.  <u>Assuming, Arguendo, that Ms. Granderson has Properly Preserved her Arguments on Appeal, the District Court still Correctly Ordered her Substitution.</u>

Even if this Court finds that Ms. Granderson has properly preserved her arguments on appeal and that her Motion to Vacate constituted sufficient opposition to Universitas's Motion for Substitution, Ms. Granderson's argument still fails on the merits.

In the underlying case, Ms. Granderson argued that Universitas's delay in serving her with a notice of death was improper because the notice was served more than 90 days after the statement noting the death of Mr. Robinson. Ms. Granderson claims that the motion needed to be served by February 26, 2018, which was 90 days

after the notice of service of death was filed on the docket. Ms. Granderson further argued that the deadline extensions and stays constituted times during which the motion needed to be filed. Ms. Granderson argued that *Boniface*, 338 F. Supp. 3d at 71, was inapplicable and that the rule prescribed therein—that the 90-day clock only begins to run after proper service under Rule 4—was incorrect. (RA-188, 188 n.1.)

Since the briefing of this issue before the District Court, this Court decided *Marcus*, which formally adopted the standard applied in *Boniface*. Thus, Ms. Granderson cannot argue that on the record before the District Court, the District Court erred in ordering her substitution. The District Court applied the law in a manner that has since been adopted by this Court, and Ms. Granderson did not conduct any analysis under the standards articulated in *Boniface* and *Marcus*, which were arguments available to her in the District Court, instead opting to simply say that Universitas's reliance on *Boniface* was misplaced. Thus, Ms. Granderson cannot point to an abuse of discretion on the record before the District Court, as the District Court's error was not manifestly erroneous or outside the permissible bounds of its discretion in applying the laws and facts to the case. *G&J Fisheries*, 67 F.4th at 27 .

On appeal, Ms. Granderson now advances several new arguments in support of her assertion that the District Court abused its discretion in ordering her substitution. Ms. Granderson now argues that she was in fact a proper party for

substitution, under the standard articulated in *Boniface*, which notes that a proper party "may be" the executrix of an estate even if unprobated, and that that was apparent in April of 2019. Thus, Ms. Granderson now argues on appeal that she is in fact a proper party, which is wholly inconsistent with the claims she advanced below that "she should have nothing to do with this case." (RA-189.) She further argues for the first time on appeal that the appropriate time to serve her was in April of 2019.

While these arguments are forfeited and should only be considered under a plain error standard—which Ms. Granderson does not meet, as explained, *supra*—Universitas shall address them on the merits. As she acknowledges, Rule 25 is permissive and requires that the party substituted be "proper." *Marcus*, 80 F.4th at 43 ("who exactly must be served is an important facet of the rule"). Here, discovery into Ms. Granderson was not complete until July of 2020—due in large part to her obfuscation.[8] Moreover, Ms. Granderson persistently claimed that no estate existed, that if any estate did exist that it was insolvent, that she should have nothing to do with the underlying case, and that her health prevents her from participating in discovery or otherwise being in the case. (RA-189)[9] It was Ms. Granderson herself

---

[8] Notably, the initial difficulty in finding was exacerbated by Mr. Robinson's admitted refusal to participate in any discovery during the pendency of the underlying case. (USA-86-87 ¶¶ 3-5.)

[9] Florida law, which is applicable as Florida was to be the location of the probate consistent with the terms of the Will, specifically states that a person may not be a

who decided not to probate the Will and instead loot all the potential assets of the estate, which is the reason no formal representative was ever appointed and which would have facilitated substitution. To the extent that she now concedes on appeal that she would otherwise be a proper party, the District Court did not abuse its discretion in ordering her substitution.

Ms. Granderson also makes an argument that there was no good cause for extensions for the first time on appeal. Generally to determine whether there exists good cause and that any delay was attributable to "excusable neglect," this Court examines "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceeding; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith." *Kinuthia v. Biden*, No. 21-11684-NMG, 2022 U.S. Dist. LEXIS 108899, at *15 n. 12 (D. Mass. Mar. 2, 2022). While this standard applies to the filing of a motion after the 90-day period after service expires, Universitas shall address it in the context presented by Ms. Granderson in relation to the time for service of the notice of death.

Here, there exists no prejudice to Ms. Granderson. Universitas does not seek to enforce a judgment against her own assets that were not tied to the estate. Further,

---

personal representative if they are mentally or physically unable to perform their duties. Fla. Stat. § 733.304.

Ms. Granderson cannot state that her presence in the case prejudices her in any way. She herself moved to intervene in the case to advance a frivolous argument in an attempt to get rid of the underlying case and shield her ill-gotten gains. Ms. Granderson cannot seek to enter the case using one procedural vehicle and then cry prejudice when she is entered into it through the use of a different vehicle. She had every expectation to be a part of this case when she moved for intervention. Second, while the length of the delay in this case is not insignificant, Ms. Granderson's characterizations of that delay are self-serving and erroneous. The delay was not six years. While Mr. Robinson died in November of 2017, Ms. Granderson was not located until April of 2019 and discovery into her extended into July of 2020. During that time, Universitas was also investigating other potential representatives of the estate, as Ms. Granderson consistently stated she was not a proper representative. Much of the delay in the underlying case was attributable to the lack of clarity with respect to Ms. Granderson's status as an appropriate representative, but a substantial portion was also attributable to Ms. Granderson's refusal to participate in discovery and statements that she should not be participating in the case. Finally, it is clear that Universitas acted in good faith. Consistent with the District Court's orders at the February 5, 2019 hearing, Universitas kept prospective representatives and successors apprised of the litigation, moved for summary judgment and a default proceeding as initially contemplated, and sought to move the case forward towards

a judgment. The fact that some procedural defects may have existed are not sufficient reason to deny substitution when the claims advanced are otherwise meritorious. *Marcus*, 80 F.4th at 44 ("The function of the 90-day period is not intended to act as a bar to otherwise meritorious actions.") (internal citations and quotations omitted.

Of particular importance is the fact that a District Court has "sweeping case-management authority," which includes setting or extending deadlines. *See Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 6 (1st Cir. 2023). As this Court also notes, the "choice as to how to respond to a flouted deadline in any particular case is largely for the district court." *Id.* Thus, because "case management is a fact-specific matter uniquely within the ken of the district court, appellate review of case-management decisions is highly deferential" and is reviewed only for "clear abuse of discretion." *Id.* (internal citations and quotations omitted). Ms. Granderson points to no specific or clear abuse of discretion in the District Court's decision to *sua sponte* extend the deadline to serve a notice of Mr. Robinson's death, and thus her argument must fail on this front as well.

Finally, Ms. Granderson's argument that further circumstances have arisen rendering it unfair to allow substitution is brought for the first time on appeal, and is otherwise meritless. Ms. Granderson points to further health complications as a reason for the purported unfairness of her substitution. As an initial matter, these assertions are threadbare and conclusory. Moreover, these are the exact complaints

that Ms. Granderson has been making since 2019, as to why she should not be properly in this case. These are not new circumstances and therefore do not provide a compelling reason to find her substitution fundamentally unfair. In addition, her appeal makes clear that, with the help of counsel, she is clearly capable of contesting this matter in Court, despite her health issues, to which Universitas remains sympathetic. Thus, this Court should affirm the District Court's Order to substitute Ms. Granderson as Mr. Robinson's personal representative.

## II.    <u>The District Court Correctly Entered Default Judgment Against Ms. Granderson</u>

### a. <u>Legal Standards for Default Judgment.</u>

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, if a party against whom relief is sought fails to "plead or otherwise defend, and that failure is shown by affidavit or otherwise," a clerk must enter a default against that party. Fed. R. Civ. P. 55(a); *Matter of G&J Fisheries, Inc*., 570 F. Supp. 3d 8, 10 (D. Mass. 2021), *aff'd*, 67 F.4th 20 (1st Cir. 2023). Once a default has been entered, a plaintiff can move for a default judgment against a party. If the defaulting party has failed to appear and the plaintiff's claim is for a sum certain, then the clerk may enter the default judgment, as well as costs, on behalf of the plaintiff. Fed. R. Civ. P. 55(b)(1). If, however, the defaulting party has previously appeared personally or by a representative, then the plaintiff must apply to the court for the entry of the default judgment, provide notice of the default judgment hearing to the defaulting party or

its representative, and verify that the defaulting party is not a minor or incompetent. Fed. R. Civ. P. 55(b)(2).

When considering a Motion for Default Judgment, a court should "accept as true the well-pleaded factual allegation in the complaint," but the court "need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Nationstar Mortg. LLC v. Kilmer*, no. 17-cv-30161-MGM, 2019 U.S. Dist. LEXIS 19333, at *8 (D. Mass. Jan. 17, 2019).

In order to set aside a default for good cause pursuant to Rule 55(c), a court typically considers: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." *G&J Fisheries*, 570 F. Supp. 3d at 21 (quoting *Indigo Am., Inc. v. Big Impression, LLC*, 597 F.3d 1, 3 (1st Cir. 2010)). The standard to set aside a default judgment is more rigorous, as a default judgment may be set aside for any reason under Rule 60(b). An appellate court reviews the entry of default judgment for an abuse of discretion. *E.g. In re MacPherson*, 254 B.R. 302, 305 (1st Cir. Bankr. 2000).

     b. <u>The District Court did not Abuse its Discretion in Entering Default Judgment.</u>

As with Ms. Granderson's other arguments, they were largely forfeited before the District Court. Ms. Granderson's entire opposition to Universitas's Motion for Default Judgment was a barebones opposition that merely incorporated by reference the arguments in the Motion to Vacate, which related primarily to the Motion for

Substitution, and not to any default proceedings. (USA-159.) It is "well-settled that a party forfeits skeletal arguments." *See United States v. Rich*, File Name: 21a04n.06, 2021 U.S. App. LEXIS 27697, at *121 (6th Cir. Sept. 13, 2021) (finding that presenting the district court with only "incorporated-by-reference filings" constituted a forfeiture of arguments on appeal); *c.f. Costa v. Marotta, Gund, Budd, & Dzera, LLC*, 281 F. App'x 5, 8 (1st Cir. 2008) (considering arguments in appellate briefs that merely adopt by reference arguments from the district court to be forfeited).

Thus, any arguments made by Ms. Granderson opposing the default judgment have been forfeited. Ms. Granderson had ample time, over two months, to move to vacate the default or to fully oppose Universitas's Motion for Default Judgment. She failed to do so. Ms. Granderson also "reserved the right" to file a supplemental opposition and she failed to do so. (USA-159.) Even on appeal Ms. Granderson makes no argument and sets forth no standard to vacate the default or otherwise set aside or contest the default judgment. Ms. Granderson's abject failure to meaningfully oppose Universitas's Motion for Default Judgment precludes her arguments on appeal and restricts her to a plain error review. Because she points to no effect on "[her] substantial rights" or a serious impairment in "the fairness, integrity, or public reputation of the judicial proceedings," her appeal must fail. *Nat'l Fed'n of the Blind*, 904 F.3d at 86.

Even if this Court credits Ms. Granderson's "incorporated-by-reference" arguments, the only arguments she makes in her Motion to Vacate that she preserves on appeal are that Mr. Robinson and her both litigated the case and therefore default was improper in the first instance. She fails to even set forth a standard of review for overturning the default judgment. Ultimately, her arguments are unpersuasive. Effectively, these arguments seek to set aside the original default.

While it is true that Mr. Robinson did originally litigate the case, after his death he and his representatives did not. Universitas moved for default after its Motion for Summary Judgment remained unopposed, which was entered. Ms. Granderson then sought to intervene. However, the filings made by Ms. Granderson at that time and the extra-judicial filing made prior to that in 2020 do not constitute a defense of the claims, especially once Ms. Granderson was properly substituted. After her substitution, she merely filed an untimely opposition motion and a threadbare Opposition to Universitas's Motion for Default Judgment. These filings did not defend the claims against her, as a successor to Mr. Robinson. She then had months to defend the case, either by substantively defending it or by moving to set aside the default or otherwise challenge the Motion for Default Judgment. She failed to do so, despite apparently acknowledging the potential need to supplement her Opposition. (USA-159.) At most, Ms. Granderson argues that the default was not willful. However, she fails to argue that Universitas will not be prejudiced by

vacatur, which it will be, nor does she present any meritorious defense to the claims. *G&J Fisheries*, 570 F. Supp. 3d at 21. Thus, she fails to meet her burden to demonstrate that the default should be set aside, even on appeal.

On the other hand, Universitas's Motion for Default Judgment matched the requirements of Rule 55. Because Ms. Granderson and Mr. Robinson previously appeared, Universitas applied to the District Court for a default judgment. It provided the necessary affidavits and service (RA-203-09) and further set forth the factual basis for both the claims against Mr. Robinson and the damages sought (RA-196-200.)

Specifically, Universitas alleged and put forth evidence that Mr. Robinson was liable for a RICO claim under 18 U.S.C. § 1962(c) (2018). To state a civil RICO claim, a plaintiff must allege: "(1) conduct, (2) of an enterprise, (3) through either a pattern of racketeering activity or a single collection of unlawful debt." *Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521, 528 (1st Cir. 2015) (cleaned up) (internal citations omitted). Universitas alleged that Mr. Robinson participated in a criminal enterprise operated by Daniel Carpenter to commit mail and wire fraud, which are predicate claims under RICO. (RA-196.) Mr. Robinson aided Mr. Carpenter in a continuous pattern of racketeering activity, which included multiple instances of illegal monetary transactions and money laundering, which were the basis of Mr. Carpenter's criminal conviction, by helping to conceal the criminal

46

activity from Universitas. (RA-196 (citing *United States v. Carpenter*, 190 F.3d 260 (D. Conn. 2016).) Finally, the damages suffered by Universitas are an irrefutable matter of *res judicata*. Judgement was entered in the amount of at least $30,677, 277.85 in the Southern District of New York against Nova Group, of which Mr. Robinson was an officer and which formed one of the cornerstones of Mr. Carpenter's criminal enterprise. (RA-197.) Universitas further presented overwhelming allegations and documentary evidence in the underlying case that Mr. Robinson was unjustly enriched; aided and abetted fraud; and breached his fiduciary duty to Universitas as an officer of the trustee of the Charter Oak Trust, which further supported the entry of default judgment. (RA-197.) The sufficiency of the factual allegations, which are supported both by the Complaint and the documentary evidence attached to the Motion for Summary Judgment, remain unchallenged on appeal. Thus, taking into consideration the record before the District Court, it did not abuse its discretion or make any "manifestly erroneous" decision without consideration of the proper facts that merit a reversal of the entry of the default judgment.

### III.     **The District Court Did Not Err when it Ordered Ms. Granderson's Substitution because the Motion for Substitution was Not Moot.**

Ms. Granderson's final argument for reversal is that her substitution was "moot" because Mr. Robinson's estate was insolvent. This argument is irreparably flawed for numerous reasons.

47

First, Ms. Granderson brings this argument for the first time on appeal. While she argued before the District Court that the estate was insolvent, she never suggested that her substitution would be "moot" as a result. At most, she suggested that there would be "no reason" to substitute her, which is fundamentally distinct argument from suggesting that such a substitution would be legally "moot." Thus, this argument was forfeit before the District Court and must be reviewed for plain error. Once again, Ms. Granderson fails to meet this heavy burden, and fails to demonstrate either that her "substantial rights" are affected or that her substitution impairs the fairness of the judicial process itself. *Nat'l Fed'n of the Blind*, 904 F.3d at 86. Thus, she does not meet her burden.

Even if this Court finds that Ms. Granderson made this argument before the District Court, any arguments she makes that substitution is improper as a result of Massachusetts law are unavailing and also forfeited. Ms. Granderson's argument before the District Court was predicated on Florida law, not Massachusetts law. (RA-189-190.) Thus, these arguments were never properly before the Court and must be summarily rejected. In any event, they are yet another transparent attempt to mislead this Court. Ms. Granderson argues on appeal that Mr. Robinson's legal domicile was Massachusetts, and that Massachusetts law applies. However, the Will explicitly states that notwithstanding the fact that Mr. Robinson possessed a Massachusetts driver's license, his legal domicile is in Florida. (USA-143 ¶ 1.)

Moreover, Ms. Granderson provides no caselaw or other support for the proposition that an insolvent estate renders substitution moot. The only caselaw cited by Ms. Granderson in support of her argument regards the legal status of limited liability companies. This alone should be sufficient to reject this argument. *See Rodriguez-Machado v. Shinseki*, 700 F.3d 48, 49 (1st Cir. 2012) (finding it "shocking[]" that an appellant's principal brief did not provide the necessary caselaw to support her position on appeal and that such arguments are "textbook examples of how *not* to litigate a case on appeal") (emphasis in original). If anything, this argument supports Universitas's position, as it lends further credence to the fact that it was unclear that Ms. Granderson was a proper party for substitution until the District Court made such a finding in its Procedural Order dated February 7, 2023.

Even if this argument is properly preserved and favorable to Ms. Granderson, it remains untrue. As explained, *supra*, Shadow Ridge Properties was the recipient of life insurance proceeds taken out on Mr. Robinson's life. Mr. Robinson, and by extension his estate, had a 50% ownership interest in SRP and thus an entitlement to the proceeds. Thus, the insurance proceeds payable to SRP would properly be part of the estate. In any event, this argument deals more with post-judgment collection than with the propriety of substitution. Thus, Ms. Granderson can point to no abuse of discretion in the District Court's decision to order her substitution

notwithstanding her alleged insolvency of the estate. As such, this Court should affirm her substitution.

## CONCLUSION

For this, and all the aforementioned reasons, this Court should affirm the District Court's substitution of Ms. Granderson for Mr. Robinson and entry of the Motion for Default Judgment.

Dated: November 24, 2023

Respectfully submitted,

*/s/ Joseph L. Manson III*

Joseph L. Manson III
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (202)-674-1450
jmanson@jmansonlaw.com

*Attorneys for Plaintiff-Appellee*
*Universitas Education, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) and First Circuit Local Rules 31 and 32 because this brief contains

11,408 words, excluding the Table of Contents, Table of Authorities, Disclosure

Statements, Oral Argument Statement, and Certifications.

This document complies with the typeface and style requirements of Fed. R.

App. P. 32(a) because this document uses a proportionally spaced typeface in size

14 font (Times New Roman) prepared using Microsoft Word.

*/s/ Joseph L. Manson III*

Joseph L. Manson III
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (202)-674-1450
jmanson@jmansonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and to all counsel of record.

/s/ Joseph L. Manson III