No. 23-1675

# United States Court of Appeals for the First Circuit

_____

UNIVERSITAS EDUCATION, LLC,
Plaintiff - Appellee,

v.

LILLIAN GRANDERSON, as successor to Jack E. Robinson, III,
Defendant - Appellant,

JACK E. ROBINSON, III,
Third Party Plaintiff,

v.

LOEB & LOEB LLP,
Third Party Defendant.

_____

*On Appeal from the United States District Court
for the District of Massachusetts (Civil No. 15-cv-11848)
(The Honorable Douglas P. Woodlock)*

_____

**REPLY BRIEF OF APPELLANT,
LILLIAN GRANDERSON**

_____

ELIZABETH N. MULVEY
*emulvey@lhbmlegal.com*
JASON M. STROJNY
jstrojny@lhbmlegal.com
LIBBY, HOOPES, BROOKS & MULVEY P.C.
260 FRANKLIN STREET
BOSTON, MA 02110
TEL.: (617) 338-9300
*Counsel for Lillian Granderson*

# TABLE OF CONTENTS

**INTRODUCTION**......................................................................................................4

**ARGUMENT**.............................................................................................................5

    **1.**    **Ms. Granderson Did Not Forfeit Any Arguments**............................5

    **2.**    **Universitas's Arguments Regarding Default Judgment Fail on the Merits**.................................................................................9

    **3.**    **Universitas's Argument That Ms. Granderson was Properly Substituted Fails**................................................................11

    **4.**    **Universitas Lodges a Series of False Allegations with Respect to Mr. Robinson**..................................................................12

**CONCLUSION**......................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Herbert v. Dickhaut*,
　695 F.3d 105 (1st Cir. 2012)........................................................................5

*Lee v. Corsini*,
　777 F.3d 46 (1st Cir. 2015).........................................................................5

*Mullin v. Bayline, Inc.*,
　No. CV 19-11028-MBB, 2021 WL 5817922 (D. Mass. Dec. 7, 2021).......11

*Sleeper Farms v. Agway, Inc.*,
　506 F.3d 98 (1st Cir. 2007).........................................................................7

*United States v. 1 Street A–1*,
　885 F.2d 994 (1st Cir.1989).........................................................................6

*United States v. 384–390 West Broadway*,
　964 F.2d 1244 (1st Cir. 1992)..................................................................5, 6

*United States v. Carpenter*,
　No. 3:13-CR-00226-RNC (D. Conn. Dec. 12, 2013)...................................12

*United States v. La Guardia*,
　902 F.2d 1010 (1st Cir.1990).......................................................................6

*United States v. One 1987 BMW 325*,
　985 F.2d 655 (1st Cir. 1993).......................................................................5

**Rules**

Fed. R. Civ. P. 6...............................................................................................11

Fed R. Civ. P. 25..............................................................................................11

# **INTRODUCTION**

Nothing within Universitas's brief undermines Appellant Lillian Granderson's arguments that the District Court erroneously granted default judgment against her. Universitas's arguments that Ms. Granderson did not sufficiently challenge its Motions to Substitute and for Default Judgment fail because, prior to default judgment, Ms. Granderson filed an opposition to both motions and addressed them substantively. Despite allowing Universitas to delay for six years after Mr. Robinson's death before filing a Motion to Substitute (and a default entry against Mr. Robinson, who had been deceased for more than three years), the District Court entered default judgment against Ms. Granderson just two months after she became a party.

Taking advantage of a 96-year-old woman with deteriorating health, Universitas filed a Motion for Default Judgment *four days* after Ms. Granderson became a party to the litigation. Ms. Granderson was barely given an opportunity to be heard during this process. Yet, Universitas argues that Ms. Granderson forfeited every appellate argument available to her. This is wrong because courts have routinely disfavored technical forfeitures over meritorious resolutions, and basic fairness requires consideration of her arguments.

Moreover, in the process of lodging a series of blatantly false factual contentions, Universitas defamed Jack Robinson with unfounded and unproven allegations of Mr. Robinson's alleged wrongdoing, despite there being no finding to that effect in any judicial proceeding. Ms. Granderson submits this reply in part to address the record and dispel the blatantly fabricated and defamatory statements regarding Jack Robinson.[1]

## ARGUMENT

### 1. Ms. Granderson Did Not Forfeit Any Arguments

It is axiomatic that "there can be no waiver where a party lacked an opportunity to raise an argument." *Herbert v. Dickhaut*, 695 F.3d 105, 109 (1st Cir. 2012); *Lee v. Corsini*, 777 F.3d 46, 59 (1st Cir. 2015) (same). Ms. Granderson was only a party to this eight-year litigation for two months. She could not have forfeited any argument that she was not adequately presented with the opportunity to make.

In addition, First Circuit precedent strongly disfavors forfeiture of arguments resulting in default without deciding on the merits. *See United States v. One 1987 BMW 325*, 985 F.2d 655, 658 (1st Cir. 1993) ("We are mindful, too, that forfeiture is a harsh medium and that the disposition-on-the-merits policy is, therefore,

---

[1] Notably, while lobbing these unfounded allegations against Ms. Granderson, Universitas attempted to game the system by: (1) filing for default against Mr. Robinson, individually, who as Universitas well knew, had been dead for several years; and (2) filing a summary judgment motion where there was no party to defend—a void occasioned by Universitas's delay in moving to substitute.

particularly potent here."); *United States v. 384–390 West Broadway*, 964 F.2d 1244, 1248 (1st Cir. 1992) (recognizing that "forfeitures are strong medicine, disfavored in our jurisprudence"); *United States v. 1 Street A–1*, 885 F.2d 994, 1001 (1st Cir.1989) (acknowledging, in a forfeiture context, that "to the greatest extent possible controversies are [to be] decided on the merits" and therefore excusing potential procedural default); *United States v. La Guardia*, 902 F.2d 1010, 1013 (1st Cir.1990) (excusing procedural default and considering purely legal issue not raised below where the issue was significant and likely to recur, such that addressing it would advance the administration of justice).

First, Universitas argues that Ms. Granderson forfeited the argument that Universitas must show "good cause" when moving to substitute more than 90 days after the Notice of Suggestion of Death was filed. (Univ. Br. at 25). This argument is purely legal in nature and considering it would advance the administration of justice. As set forth in Ms. Granderson's principal brief, plaintiffs should not be granted unfettered discretion to control the 90-day clock indefinitely until they get around to serving the nonparty successor. (Granderson Br. at 20). Such absurd results drastically violate the federal courts' policy on finality of claims. Thus, the administration of justice is advanced by requiring Universitas to show good cause for the several year delay in bringing the motion without regard to forfeiture.

Universitas also argues that Ms. Granderson forfeited the argument that her substitution was improper because she failed to "timely object" to Universitas's Motion to Substitute. (Univ. Br. at 33). Universitas filed the motion just four days after Ms. Granderson formally became a party. Due to the incredibly fast pace of the litigation post-substitution (despite Universitas's six years of foot-dragging), Ms. Granderson (a Florida resident) had not had the chance to retain local counsel of record to respond by the deadline of May 2, 2023. Just ten days later, her Massachusetts counsel filed a notice of appearance contemporaneously with the opposition, which adequately addressed the issue of substitution. [RA:186]; ECF No. 198.

Universitas next argues that Ms. Granderson forfeited her right to argue that the Court abused its discretion in granting default judgment. (Univ. Br. at 43). This argument fails because it inaccurately articulates the law in this circuit. Universitas reasoned that Ms. Granderson forfeited the argument because it was only incorporated by reference to another filing in the District Court. (Univ. Br. at 44). However, the First Circuit[2] has stated that arguments incorporating District Court filings in *appellate briefs* are deemed waived on appeal because "this court will only consider arguments made before *this court*; everything else is deemed

---

[2] Universitas cites a Sixth Circuit case holding that the forfeiture rule applies to arguments incorporated by reference in the District Court on appeal. (Univ. Br. at 44). No such First Circuit case exists.

forfeited." *Sleeper Farms v. Agway, Inc.,* 506 F.3d 98, 104 (1st Cir. 2007) (emphasis added). Ms. Granderson's default judgment argument, while incorporated by reference in the District Court, was fully developed and briefed on appeal and should be considered as such. In any event, the opposition that was incorporated by reference was filed on the same day as the Motion for Default Judgment and addresses both why Ms. Granderson should not have been substituted and why default was issued in error. [RA:186].

Universitas next argues that Ms. Granderson had "over two months, to move to vacate the default or to fully oppose Universitas's Motion for Default Judgment." (Univ. Br. at 44). This is exactly the point. While Universitas apparently believes that two months is more than a sufficient amount of time to preserve every argument in a case that has been litigated for *eight* years, basic fairness dictates the opposite. This is especially true in light of the fact that Universitas had six years from the date of Mr. Robinson's Notice of Suggestion of Death to even move to substitute Ms. Granderson into the case—and expected the court to countenance that delay.

Lastly, Universitas argues, without citation, that Ms. Granderson forfeited her argument that her substitution is moot because Mr. Robinson's estate was insolvent. (Univ. Br. at 48). Universitas splits hairs by asserting that because Ms. Granderson never used the word "moot" and rather stated that there was "no

8

reason" to substitute her based on the same argument i.e., that the estate was insolvent, is senseless and should be summarily rejected. This argument is premised solely on semantics because the substance of the argument is the same. Second, Universitas argues that Ms. Granderson forfeited the argument that Massachusetts law applies. However, Ms. Granderson advanced the same argument that the estate is insolvent in the District Court as she does on appeal— but concludes that Massachusetts law *and* Florida law warrant the same result. Thus, this is not a new argument and forfeiture is inappropriate.

### 2.  Universitas's Arguments Regarding Default Judgment Fail on the Merits

Universitas advances several inadequate arguments defending the District Court's decision to grant default judgment against her. First, Universitas asserted, in defending the original default against Mr. Robinson, that "[w]hile it is true that Mr. Robinson did originally litigate the case, after his death *he and his representatives* did not." (Univ. Br. at 45) (emphasis added). It is unfathomable that Universitas would argue that the late Mr. Robinson or his "representatives" were required to litigate the case after his death to avoid default. A "representative" who is not a party to an action has no responsibility—or authority—to litigate. Ultimately, it was Universitas's responsibility as the only party to the litigation, in pursuit of its unfounded allegations against Mr. Robinson, to find a proper

9

substitute, which it failed to do until two and a half years *after* the default was entered. [RA:69][3]

Moreover, Universitas claims that Ms. Granderson's arguments regarding default judgment were so "threadbare" that the Court properly entered default judgment against her. (Univ. Br. at 45). This argument is meritless both because courts strongly disfavor procedural defaults without a decision on the merits, and because Ms. Granderson developed her argument sufficiently to survive default. While in a footnote, Ms. Granderson argued:

> On January 26, 2021, the clerk entered a "default" under Fed. R. Civ. P. 55(a) against Robinson (Docket Nos. 177-179), after mailing a copy to Robinson, who had been dead for several years. The mailing was returned to the Court as "undeliverable." (Docket No. 180). Fed. R. Civ. P. 55 (a) states that a "default" can be entered by the clerk only "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). That was not the case here. Prior to his death, Robinson did not fail to "plead or otherwise defend," because he answered the Complaint and, as reflected by the approximately *130 docket entries* before November 2017, vigorously contested Plaintiff's allegations.
>
> Plaintiff's request for the default was an inappropriate attempt to game the system. Plaintiff knew, at the time it requested the default, that a motion for summary judgment that it had filed in September 2019 had not been acted upon by the Court and that Granderson had consistently opposed Plaintiff's attempts in 2019 and 2020 to wrongly malign and extort money from her. (Docket Entry Nos. 166, 168, 170-

---

[3] While Universitas well knew that Ms. Granderson was the named executor of Mr. Robinson's Will in April 2019, it decided not to pursue her then. Instead, Universitas's gamesmanship in the District Court resulted in its filing of a Motion for Summary Judgment (ECF No. 170) and an original Motion for Default Judgment (ECF No. 181) against *nobody.* More properly, default should have issued against Universitas for failure to prosecute its case.

172, 174, 175). Further, there was no "party" defendant when Plaintiff moved for the default because Robinson had died and there never had been any substitution of any "party" in his place. Yet Plaintiff nonetheless claimed in its Request for Entry of Default (Docket Entry No. 176) that the "failed or otherwise defend" language of Fed. R. Civ. P. 55 (a) allegedly applied, asserting that because there was no opposition to the motion for summary judgment from Robinson's "estate," the "estate" had somehow failed to "defend" the case.

*See* [RA:187]. Accordingly, Ms. Granderson sufficiently raised her objection to the default.

### 3.   Universitas's Argument That Ms. Granderson was Properly Substituted Fails

Universitas argues that the "good cause" standard for bringing a motion to substitute under Rule 6(b) only "applies to the filing of a motion after the 90-day period after *service* expires." (Univ. Br. at 39) (emphasis added). This is flatly wrong and contrary to the plain language of the Rule and corresponding caselaw. Rule 6(b) clearly applies to the filing of a motion 90-days after the service of the ***statement noting death*** is served (which in this case, was November 28, 2017). The Advisory Committee's Note to the 1963 Amendment states that:

> The amended rule establishes a time limit for the motion to substitute based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death upon the record, i.e. service of a statement of the fact of the death ... The motion may not be made later than 90 days after the **service of the statement** unless the period is extended pursuant to Rule 6(b)."

11

*See* Fed. R. Civ. P. 25 advisory committee's note to 1963 amendment; *see also Mullin v. Bayline, Inc.*, No. CV 19-11028-MBB, 2021 WL 5817922, at *7 (D. Mass. Dec. 7, 2021) ("If a motion is filed more than 90 days from ***service of the statement of death***, it is subject to Fed. R. Civ. P. 6(b) and therefore requires a showing of 'good cause.'") (emphasis added).

Accordingly, Universitas is required to show good cause for the multi-year delay in bringing the Motion to Substitute Ms. Granderson since the Notice of Suggestion of Death was filed in 2017, which it failed to do.

### 4. Universitas Lodges a Series of False Allegations with Respect to Mr. Robinson

In its principal brief, Universitas makes a host of false and unfounded allegations regarding the late Mr. Robinson, essentially claiming that Mr. Robinson was complicit in a crime perpetrated by Daniel Carpenter. (Univ. Br. at 2-4, 46). The false and frivolous nature of these allegations is evidenced by the lack of record citations. For example, Universitas asserts that "Mr. Robinson aided Mr. Carpenter in a continuous pattern of racketeering activity, which included multiple instances of illegal monetary transactions and money laundering, which were the basis of Mr. Carpenter's criminal conviction, by helping to conceal the criminal activity from Universitas." *Id*. at 46 (citing *United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016)). In fact, the *Carpenter* court says nothing of the sort that Universitas alleges. The only mention of Mr. Robinson is that he created a

spreadsheet outlining "what GMC could earn by financing and selling a hypothetical life insurance policy with a face value of $5 million and an annual premium of $300,000." *Id*. at 276. Indeed, not even a hint of "illegal monetary transactions and money laundering" or "racketeering activity."

Mr. Robinson was never convicted or even charged with any criminal activity whatsoever. Notably, there is not one word about Jack Robinson in Daniel Carpenter's 48-page indictment. *See* ECF No 1, *United States v. Carpenter*, No. 3:13-CR-00226-RNC (D. Conn. Dec. 12, 2013).

Accordingly, Universitas's blatantly false and defamatory allegations regarding Jack Robinson should be disregarded in their entirety, and this Court should decide the case based on the record, and not the plaintiff's irresponsible and unsupported claims.

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's decision granting Universitas's Motion to Substitute Ms. Granderson and entering default judgment against Appellant Ms. Granderson.

      Respectfully submitted,

      Lillian Granderson,

By: */s/Elizabeth N. Mulvey*
   Elizabeth N. Mulvey, Esq.
   (Court of Appeals Bar No. 33016)
   Libby, Hoopes, Brooks, & Mulvey P.C.
   260 Franklin Street
   Boston, MA 02110
   (617) 338-9300
   emulvey@lhbmlegal.com


   */s/ Jason M. Strojny*
   Jason M. Strojny, Esq.
   (Court of Appeals Bar No. 1207311)
   Libby, Hoopes, Brooks, & Mulvey P.C.
   260 Franklin Street
   Boston, MA 02110
   (617) 338-9300
   jstrojny@lhbmlegal.com

Dated: December 14, 2023

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO RULE 32(g)(1), F.R.A.P.

I, Elizabeth N. Mulvey, hereby certify that the within document complies with the requirements for typeface and word count as set forth in Rule 32, F.R.A.P. The number of words in the brief is 2,877 words.

*/s/ Elizabeth N. Mulvey*
Elizabeth N. Mulvey

## CERTIFICATE OF SERVICE

      I, Elizabeth N. Mulvey, hereby certify that on December 15, 2023, I electronically filed the foregoing document with the United States Courts of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF filers and that they will be served by the CM/ECF system:

Joseph L. Manson, III  
Direct: 202-674-1450  
Law Offices of Joseph L. Manson III  
600 Cameron St  
Alexandria, VA 22314